19-2392-cv
*Swain v. Town of Wappinger, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty.

PRESENT:   JON O. NEWMAN,
           JOSÉ A. CABRANES,
           PETER W. HALL,
                      *Circuit Judges.*

---

TROY SWAIN,

     *Plaintiff-Appellee,*                                                     19-2392-cv

              v.

TOWN OF WAPPINGER, TOWN OF WAPPINGER HIGHWAY DEPARTMENT, LORI JIAVA, INDIVIDUALLY AND IN HER CAPACITY AS SUPERVISOR OF THE TOWN OF WAPPINGER, TOWN BOARD OF THE TOWN OF WAPPINGER, WILLIAM H. BEALE, INDIVIDUALLY AND IN HIS CAPACITY AS WAPPINGER TOWN COUNCILMAN, WILLIAM CIACCARELLI, INDIVIDUALLY AND IN HIS CAPACITY AS WAPPINGER TOWN COUNCILMAN, JOHN J. FENTON, INDIVIDUALLY AND IN HIS CAPACITY AS WAPPINGER TOWN COUNCILMAN, MICHAEL KUZMICZ, INDIVIDUALLY AND IN HIS CAPACITY AS WAPPINGER TOWN COUNCILMAN,

     *Defendants-Cross-Claimants-Appellants,*

ANTHONY STRUSS, INDIVIDUALLY AND IN HIS CAPACITY
AS AN AGENT FOR THE TOWN OF WAPPINGER,

     *Defendant-Cross-Defendant*.\*

---

**FOR PLAINTIFF-APPELLEE:**                  ROB RICKNER, Rickner PLLC, A. Dami Animashaun, New York, NY.

**FOR DEFENDANTS-CROSS-CLAIMANTS-
APPELLANTS:**                    STEPHEN JOSEPH GABA, Drake Loeb PLLC, New Windsor, NY.

     Appeal from a July 9, 2019 order of the United States District Court for the Southern District of New York (Judith C. McCarthy, *Magistrate Judge*).[1]

     **UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

     Defendants-Appellants Town of Wappinger, Town of Wappinger Highway Department, Town Supervisor Lori Jiava, the Town Board of the Town of Wappinger, and Town Councilmembers William H. Beale, William Ciaccarelli, John J. Fenton, and Michael Kuzmicz (jointly "Defendants") challenge the District Court's determination that they are not entitled to qualified immunity from Plaintiff-Appellee Troy Swain's 18 U.S.C. § 1983 claims at the summary judgment stage. Defendants contend that they are, in fact, entitled to such immunity from Swain's claims (1) that he was denied due process when fired by Defendants from his position as an employee of the Town of Wappinger Highway Department and (2) that his firing was an act of retaliation against him by Defendants for lodging a complaint of racial discrimination. Because the District Court determined that genuine issues of fact existed as to whether Defendants acted "objectively reasonably" with regard to both claims—as Defendants must do in order to obtain qualified immunity—it denied them qualified immunity and their motion for summary judgment as to those claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

\* The Clerk of Court is directed to amend the caption of this case as shown above.

[1] This action was assigned to the magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c)(1), which allows her, upon consent of the parties, to "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case."

We consider, first, whether we have jurisdiction to entertain this interlocutory appeal. "An order denying a motion for summary judgment is generally not . . . appealable" except when "the summary judgment motion is based on a claim of qualified immunity." *Plumhoff v. Rickard*, 572 U.S. 765, 771 (2014). Yet there is an exception to this exception: "a defendant may not appeal a district court's summary judgment order—even one addressing the availability of a qualified immunity defense—insofar as that order determines whether or not the pretrial record sets forth a genuine issue of fact for trial." *Catone v. Spielmann*, 149 F.3d 156, 159 (2d Cir. 1988) (internal quotation marks omitted). Indeed, we may not "entertain an interlocutory appeal in which a defendant contends that the district court committed an error of law in ruling that the plaintiff's evidence was sufficient to create a jury issue on the facts relevant to the defendant's immunity defense." *Salim v. Proulx*, 93 F.3d 86, 91 (2d Cir. 1996). If the District Court says the evidence was sufficient to create a jury issue, then that is the end of our review.

Because the District Court said so here—and because the Defendants' argument on appeal amounts to a challenge of whether the evidence was sufficient—we lack jurisdiction to review the denial of qualified immunity.

In assessing Defendants' argument that they are entitled to qualified immunity on Swain's due process claim, the District Court noted several pertinent issues of material fact, including what steps were taken—or not taken—before Swain's termination and whether or not Swain's supervisor objected to his termination. *Swain v. Town of Wappinger*, No. 17 Civ. 5420 (JCM), 2019 WL 2994501, at *10 (S.D.N.Y. July 9, 2019). The District Court concluded that these disputed facts could lead reasonable jurors to different conclusions about whether Defendants acted "objectively reasonably"—and thus deserved qualified immunity.

Moreover, in assessing Defendants' argument that they are entitled to qualified immunity on Swain's retaliation claim, the District Court noted several additional issues of material fact, particularly about whether Defendants acted with a retaliatory motive. *Id.* at *13. Since Swain and Defendants differ on this factual issue of intent that is the basis of such a claim, the District Court once again concluded that the facts were for the jury to decide.

Accordingly, the District Court denied Defendants qualified immunity and denied their motion for summary judgment on these claims, finding genuine issues of fact to be resolved at trial. The District Court's order is, therefore, not properly appealable.

**CONCLUSION**

For the foregoing reasons, we **DISMISS** the appeal of Defendants.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3